Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASPER K. BELL,<br><br>　　　　　Defendant. | NO. CR16-176RSL<br><br>UNITED STATES'<br>SENTENCING MEMORANDUM |

## I.　Introduction.

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney, hereby files this Sentencing Memorandum regarding defendant Jasper K. Bell.  For the reasons set forth in this memorandum, the government recommends that the Court sentence the defendant to a term of imprisonment of **12 months and one day** and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office.

//

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.     Facts of the Case.

As summarized in the Statement of Facts contained in the Plea Agreement (¶ 8) and in the Presentence Report (¶¶ 7-15), defendant Jasper Bell harassed and ultimately threatened U.S. Congressman James McDermott in an effort to attempt to influence the carrying out of his official duties as a "super delegate."  This took place during the democratic primary electoral process involving, most prominently, candidates Hillary Clinton and Bernie Sanders.  As the Court will recall, there was an effort by Mr. Sanders' supporters to convince the "super delegates" to cast their votes for Mr. Sanders.  The defendant was a self-described supporter of Mr. Sanders, and was attempting to influence Congressman McDermott to cast his super delegate vote in favor of Mr. Sanders.

Of course, there is nothing wrong with expressing one's views to elected officials in an effort to influence their conduct in office.  But there is a line that cannot be crossed without punishment – the line separating the expression of political views from communications designed to threaten and coerce public officials to take certain actions.  The defendant crossed that line in a big way.  Through a series of harassing and ultimately threatening letters and telephone calls, the defendant made multiple threats against Congressman McDermott, including: "Tell me where he lives.  I will cut his motherfucking tongue out;" and, "I am going to track him down after he retires and he won't be safe."  The defendant thereafter went to Congressman McDermott's office in downtown Seattle, where he pounded on the glass and screamed at the staff members inside.  Afterwards, the defendant rationalized his conduct by telling a police officer: "I felt it was appropriate because Jim McDermott is silencing thousands of people's voices!"

As is documented in the victim impact statements that were submitted through the U.S. Probation Office, the defendant's conduct (quite understandably) had a significant impact on the Congressman and his staff, who feared for their safety during this episode and afterwards.

*US v. Jasper K. Bell*, CR16-176RSL
United States' Sentencing Memorandum- 2

## III.     The Sentencing Guidelines Calculations.

There are a number of disagreements regarding the Sentencing Guidelines calculations in this case.  The government will address each of the relevant Guidelines provisions in turn:

Base offense level:  Both parties and the USPO concur that the base offense level is 12, pursuant to USSG § 2A6.1(a)(1).

Official victim:  Both parties and the USPO concur that there is a six-level upward adjustment because the victim of the offense was a government official and the offense of conviction was motivated by such status, pursuant to USSG § 3A1.2(b).

Acceptance of Responsibility:  Both parties and the USPO concur that there should be a three-level reduction because the defendant accepted responsibility for the offense conduct.

Multiple threats:  The PSR indicates that a two-level upward adjustment should apply because the offense conduct involved more than two threats.  PSR ¶ 21.  The government concurs with this analysis.  There is little doubt the enhancement applies here.  The defendant made numerous statements in his letters, phone calls, and at the Congressman's office that were threatening in nature.  The defendant has indicated an intention to object to this enhancement.

Intent to carry-out threat:  The PSR includes a six-level increase for evidence that the defendant intended to carry-out the threat.  PSR ¶ 20.  Both the government and the defendant object to this enhancement.  The government is not aware of any evidence indicating the defendant actually intended to cause physical harm to Congressman McDermott.  In the government's view, the fact that the defendant went to the Congressman's office in person – an aggravating fact, indeed – was more a reflection of the defendant's growing frustration and escalation of this threatening conduct, than it was a manifestation of intent to cause physical harm.  There is no doubt the defendant's

*US v. Jasper K. Bell*, CR16-176RSL
United States' Sentencing Memorandum- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct was serious and reasonably instilled fear in the victims, but this alone does not constitute evidence of intent to carry out a physical attack.

Substantial disruption of government function:  The PSR includes a four-level increase for evidence that the defendant's conduct caused a substantial disruption of government business.  PSR ¶ 22.  Both the government and the defendant object to this enhancement.  From the government's perspective, this is a close issue.  The PSR correctly points out that as a result of the defendant's conduct, the Congressman's office closed for some period of time, a few official events were cancelled, and law enforcement personnel responded from Washington, D.C.  Whether this sort of disruption is deemed "substantial" may be a close call, and the Court would likely be on solid ground using its discretion either way.  Because it is a close call, the government is exercising its discretion in not advocating for the enhancement under these circumstances.

Government's Guidelines calculations:  Based on the above analysis, the government believes that the correct total offense level should be 17, yielding an advisory Sentencing Guidelines range of 24-30 months.

## IV.    Sentencing Recommendation.

The government respectfully recommends that the Court impose a sentence of 12 months and one day of imprisonment and a term of supervised release of three years. We believe this is the most appropriate sentence in view of the various sentencing factors found at Title 18, United States Code, Section 3553(a).

The government views the nature and circumstances of this offense as extremely serious.  The success of our representative democracy rests on the ability of our elected officials to execute the duties of their offices, and to run for election, without fearing the sort of reprisal threatened by the defendant in this case.  This sort of conduct – especially in the aggregate – has a corrosive effect on our representative democracy.  Although it may be that Bell had no intention of carrying out his threats, that was not known to Congressman McDermott's office or to law enforcement while the offense conduct was

*US v. Jasper K. Bell*, CR16-176RSL
United States' Sentencing Memorandum- 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ongoing.  As a result, the defendant's conduct had a disruptive effect inside of Congressman McDermott's office, and it reasonably instilled fear in the minds of the victims.

The government submits that it is important for this Court's sentence to deliver a strong message in order to ensure respect for the law and to provide adequate deterrence against this sort of behavior in the future.  Among the many virtues of our democratic system is the fact that American citizens are provided with numerous vehicles to appropriately express their political views – including opposition to certain laws or the votes cast by elected officials.  Jasper Bell was obviously entitled to his views, but how he chose to express those views was unlawful and, in fact, threatened to undermine the very democratic system he claimed to be trying to "protect."  The Court's sentence must be forceful enough to deter others who, out of anger or fear, may be inclined to make similar threats against elected officials.  This may be more important now than ever, given the recent heated electoral cycle and the impending transition of administrations.  We respectfully submit that a sentence of one year in prison is necessary to accomplish the essential goals of ensuring adequate deterrence and respect for the law – a shorter sentence will not send the same deterrent message.

This sentence also would be consistent with prior sentences imposed in similar cases in the Western District of Washington.  For example, in the case of *United States v. Charles Wilson*, CR10-130JCC, the Honorable John C. Coughenour imposed a sentence of 12 months and one day against a defendant who left numerous threatening voicemails at the offices of Senator Patty Murray concerning the Affordable Health Care Act.  Similarly, in the case of *United States v. Charles Habermann*, CR11-029JLR, the Honorable James L. Robart imposed an 8-month sentence against a defendant who left multiple threatening voicemail messages at the office of Congressman McDermott concerning a tax and unemployment bill that was pending in the U.S. Congress.  In comparison to the W*ilson* and *Habermann* cases, defendant Bell's conduct is more

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

aggravated. Unlike Wilson and Habermann, Bell not only communicated his threats over the phone (and through letters) but he physically went to Congressman McDermott's office and threatened and intimidated the victims. He should not receive a sentence lesser than that imposed in the *Wilson* case.

Despite the seriousness of the offense and the need for the Court to send a strong message of deterrence, the government is mindful of the mitigating factors in the defendant's background and characteristics, and therefore we are recommending a sentence below the advisory Guidelines range. Specifically, Bell has a very limited criminal history, has no significant mental health issues, and has been deemed a low risk of future violence by a professional who has examined him.

**V.      Conclusion.**

For the foregoing reasons, the government recommends that the Court sentence the defendant to a term of imprisonment of 12 months and one day and a term of supervised release of three years, with all of the conditions of supervised release recommended by the Probation Office.

DATED this 20th day of December, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

/s Todd Greenberg
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-2636
E-mail: Todd.Greenberg4@usdoj.gov

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

 s/ Matthew Smith
MATTHEW SMITH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-8459
Fax: 206-553-0755
E-mail: Matthew.Smith7@usdoj.gov

*US v. Jasper K. Bell*, CR16-176RSL
United States' Sentencing Memorandum- 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970